IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Andrea Jones** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **08  CV 1741** |
| **Village of Maywood, Illinois, a Municipal** | ) |
| **Corporation, Timothy Curry, S. Cordoba,** | ) |
| **R. Ochoa, L. Kelly, K. West and unknown** | ) |
| **Defendants;** | ) |
| | ) |
| **Defendants.** | ) |

### Memorandum of Law in Opposition to Defendants' Motion to Dismiss

Now comes the Plaintiff Andrea Jones by her attorney Jeffery Gray in response to the Defendants' Motion to Dismiss pursuant to Rule 12b(6) of the Federal Rules of Civil Procedure, and states as follows:

**I.      Introduction**

Plaintiff's complaint alleges six distinct causes of action against five police officers and the Municipality by whom they are employed.  Count II alleges unconstitutional conditions of confinement against all five of the police officer defendants.   Paragraphs six through ten allege that at all times herein the *Defendants* were acting under color of law.  Paragraph 29 of Count II and which is incorporated into all subsequent counts of the Plaintiff's Complaint alleges that each of the *Defendants* herein had a duty to the Plaintiff to ensure that the Plaintiff's substantive and procedural liberty interests were not violated. The complaint further alleges at par 32 that the *Defendants* abused their authority by employing the tactic of delay in releasing the Plaintiff as a tool for punishment or pre-

sentence incarceration. The complaint sets out a litany Constitutional, statutory and

common law violations inflicted upon the Plaintiff.  Accordingly each of the Defendants

is on "notice" as to the Claims of the Plaintiff as required by Rule 8 of the Federal Rules

of Civil Procedure.

   In this case, the Defendants are asking the district court to take an approach that

resembles the Illinois fact pleading rules rather than notice pleading required of Rule 8 of

the Federal Rules of Civil Procedure.  "In federal court under Rule 8, the rules are simple:

Notice is what counts. Not facts; not elements of "causes of action"; not legal theories."

Hefferman v. Bass, 467 F. 3d 596, 600 (7th Cir. 2006).  More recently in Bell Atlantic v.

Twombly, 127 S.Ct. 1955,1964-65 & n.3 (2007) the Court held, Rule 8(a)(2)'s "short and

plain statement of the claim" must contain a minimal level of factual detail, although that

level is indeed very minimal.   In its most recent interpretation of  Bell Atlantic, the

Seventh Circuit stated in Tamayo v. Blagojevich, ___F.3d ___ ,07- 2975, p12,  2008 WL

2168638, p 6,   (May 27, 2008)

> We also have cautioned, however, that Bell Atlantic "must not be overread."
> Limestone Dev. Corp. v. Vill. of Lemont, Ill., ___ F.3d ___, No. 07-1438, 2008
> WL 852586, at *5 (7th Cir. 2008). Although the opinion contains some language
> that could be read to suggest otherwise, the Court in Bell Atlantic made clear that
> it did not, in fact, supplant the basic notice-pleading standard. Bell Atlantic, 127
> S.Ct. at 1973 n.14 (expressly disclaiming the establishment of any "heightened
> pleading standard"); see also Lang v. TCF Nat'l Bank, No. 07-1415, 2007 WL
> 2752360, at *2 (7th Cir., Sept. 21, 2007) (noting that notice-pleading is still all
> that is required); Limestone, 2008 WL 852586, at *5 (same). A plaintiff still must
> provide only "enough detail to give the defendant fair notice of what the claim is
> and the grounds upon which it rests, and, through his allegations, show that it is
> plausible, rather than merely speculative, that he is entitled to relief." Lang, 2007
> WL 2752360, at *2 (citing Bell Atlantic, 127 S.Ct. at 1964)

   The balance of this memorandum will demonstrate that the claims against each of the

Defendants give fair notice of the allegations against them.

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atlantic, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See Barnes v. Briley, 420 F.3d 673, 677 (7th Cir. 2005).

## III.    Count II States a Claim against Defendants, Curry, Cordoba, Ochoa, Kelly, West and Unknown Defendants

Each of the above Defendants is identified by name immediately preceding the numbered paragraphs in Count II[1].   Count II (par. 28) recites that Plaintiff is entitled to a standard of reasonableness in her treatment on the part of her custodians pursuant to the

---

[1] Each count of Plaintiff's Complaint begins by identifying the Defendants against whom it is directed.

fourth Amendment to the United States Constitution.  Paragraph 29 states that *each* of the

Defendants had a duty to the Plaintiff to ensure that Plaintiff's substantive and procedural

liberty interests were not violated.   For purposes of a motion to dismiss the allegations

must be taken as true.  As stated in the Defendants' Motion to dismiss on page 2, in

Ruling on a 12(b)(6) motion to dismiss the court must accept all well pleaded allegations

in the complaint as true and will draw all reasonable inferences in favor of the Plaintiff.

Hentosh v. Herman M. Finch University of Health Sciences/The Chicago Medical

School, 167 F. 3d 1170, 1173 (7th Cir. 1999).  Plaintiffs Complaint further states that the

*Defendants,* each of whom has been identified as a police officer acting under color of

law, and each of whom has been identified as having a duty to ensure that Plaintiffs

substantive and procedural liberty interests were not violated, employed the tactic of

delay in releasing the Plaintiff (from custody) as a tool for punishment or pretrial

incarceration. Compl. Par. 32.

   In Lopez v. City of Chicago, 464 F.3d 711 (7th Cir. 2006), the Seventh Circuit

enunciated that  the objectively reasonable standard of the Fourth Amendment is to be

applied to arrestees, such as Ms. Jones, who are being held in custody but have not yet

appeared before a judicial officer.

> Our cases thus establish that the protections of the Fourth Amendment apply at
> arrest and through the Gerstein probable cause hearing, due process principles
> govern a pretrial detainee's conditions of confinement after the judicial
> determination of probable cause, and the Eighth Amendment applies following
> conviction. Lopez at 719.

   Count II further alleges that the Plaintiff's Due Process rights were violated by the

*Defendants.* Due process rights protected by the Fourteenth Amendment, life, liberty, and

property, arise from two sources: the Due Process Clause itself, and state law. See Hewitt

v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864 (1983); Harris v. McDonald, 737 F.2d 662, 664 (7th Cir. 1984); Shango v. Jurich, 681 F.2d 1091, 1098-99 (7th Cir. 1982).  To create a protectible liberty interest, state statutes or regulations "must use 'language of an unmistakably mandatory character, requiring that certain procedures "shall," "will," or "must" be employed . . .,' and that certain action will not be taken by prison officials 'absent specified substantive predicates.'" Merritt v. Broglin,891 F.2d 169, 172 (7th Cir. 1989) (quoting Hewitt, 459 U.S. at 471-72).

In Gramenos v. Jewell, 797 F. 2d, 432 (7th Cir 1985), the police held Gramenos four hours and twenty minutes, when they allowed him to post $100 and go. He sought compensation for excessive detention. In reversing and remanding the granting of the Defendants' motion for summary judgment the Seventh Circuit observed that there is some evidence that the police held Gramenos out of spite -- or perhaps to impose the real punishment for shoplifting, rather than out of a need to complete essential tasks. Citing Gerstein v. Pugh, 420 U.S. 103, 113-14, 95 S. Ct. 854 (1975) the Seventh Circuit remarked:

> (A) policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." (citations omitted) When the "administrative steps" have been completed, the police must take the suspect before a magistrate to establish probable cause, or they must let him go. The Court has never said how long the "brief period" may be. The American Law Institute thinks that two hours are enough. Model Code of Pre-Arraignment Procedure § 130.2(1) (1975). **We held in Moore,754 F.2d at 1350-52, that four hours requires explanation.** (emphasis supplied) This case is in essentially the same posture as Moore: an unexplained four hours of detention in the dead of night. It must be remanded for further proceedings.  797 F.2d at 437

In the instant case, it is alleged that the Plaintiff was held in custody in excess of eight hours (¶ 16).  Moreover it is alleged each of the Defendants had a duty to ensure that the Plaintiff's liberty interests were not violated and each of the Defendants employed the tactic of delay as a tool for punishment, under other unlawful conditions (¶ 29) On these facts alone, Defendants motion to dismiss must be denied.

Defendants next argue that because Plaintiffs must establish each individual defendants' personal involvement, in the deprivation of Plaintiff's constitutional rights, Plaintiff must set forth specific allegations against all named Defendants. However, under the federal notice pleading standards complaints need not set forth comprehensive factual narratives. See Rapid Test Products, Inc., 460 F.3d 859, 860; see also Doe v. Smith, 429 F.3d 706, 708 ("Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later."). Here, the Plaintiff has set forth sufficient facts to put Defendants on notice of their claims and the grounds upon which such claims rest. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99,103(1957)

The allegations against the Village of Maywood contained in Count II must be read with reference to Count III.  Whether a complaint provides fair notice of the grounds on which it rests "is determined by looking at the complaint as a whole." See Scott v. City of Chicago, 195 F.3d 950, 952 (7th Cir. 1999).  As set out below Count III states a viable claim against the Village for failure to train its officers.

**IV.    Count III Sets out a Viable Claim for Failure to Train its Officers**

Count III, includes all of the preceding allegations contained in ¶¶'s 1-35 of the Plaintiff's complaint and which must be taken to be true for purposes of this motion to dismiss:  The Village of Maywood had a duty to train its police officers and educate them about the law as it pertains to conditions of confinement and prompt release of misdemeanor arrestees.   Also taken as true is paragraph 38:   Defendant, Maywood demonstrated deliberate indifference to arrestees, (*note the use of the plural as this allegation does not relate solely to the Plaintiff*) by failing to train its employees to manage the recurring situation of detaining misdemeanant arrestees pending the release on bond, which presented the obvious potential for constitutional violation, and did in fact result in a constitutional violation.    Importantly, the failure to train may result in Monell liability to the municipality in either one of two ways.   Defendants' motion to dismiss addresses one of these situations where Monell liability may be created, but it does not address the circumstances alleged in Plaintiff's complaint.

A municipality can be found liable under § 1983 if the municipality itself causes the constitutional violation. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). An example of this is where the municipality fails to provide adequate police training. However, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197 (1989). Deliberate indifference may be shown in one of two ways. First, a municipality shows deliberate indifference when it fails to train its

7

employees to handle a recurring situation that presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation. See Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 409, 117 S. Ct. 1382 (1997); Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir. 1997). Second, a municipality shows deliberate indifference if it fails to provide further training after learning of a pattern of constitutional violations by the police. See Palmquist v. Selvik, 111 F.3d 1332, 1346 (7th Cir. 1997).

   In this case the plaintiff is proceeding under the situation in which the municipality fails to train its employees to handle a recurring situation.  The Plaintiff has alleged a recurring situation, that presents an obvious potential for constitutional violation, that being the processing and confinement of misdemeanant arrestees.  The court can take judicial notice of the fact that the arrest and confinement of misdemeanant arrestees takes place every day in every police department across the nation.  In the present case the failure to train its employees to properly manage that recurring situation did result in a constitutional violation.

       The Defendants' motion fails to address the most recent Seventh Circuit, decisions regarding municipal liability.  In Davis v. Carter, 452 F.3d 686 (7th Cir. 2006), the Seventh Circuit reversed the trial court's granting of defendants motion for summary judgment. The facts in Davis are analogous to the case at bar, as Davis dealt with a different type of delay, giving rise to a violation of the Plaintiff's civil rights.  There it was alleged that unknown number of inmates, experienced a delay in receiving methadone. However the Court found that to establish a widespread custom or policy, the plaintiff was not required to show that Cook County's alleged repeated pattern of delay

actually caused pain and suffering to other inmates in need of medical intervention. Instead, it was enough to provide competent evidence tending to show that Cook County routinely failed to provide methadone to inmates for several days.   On summary judgment the court held: "Instead, it is enough that a plaintiff present competent evidence tending to show a general pattern of repeated behavior (i.e., something greater than a mere isolated event)." 452 F. 3d at 694.   See also <u>Woodward v. Correctional Med. Servs. of Ill., Inc.</u>, 368 F.3d 917, 929 (7th Cir. 2004),  the plaintiff need not show that the policy practice, or custom resulted in past deprivations of rights.

Indeed with the liberal pleading conventions envisioned by Rule 8 of the Federal Rules of Civil Procedure the Village of Maywood has more than adequate notice at this stage of the litigation that the Village demonstrated deliberate indifference to *arrestees* by failing to train its employees … (Pl. Compl. ¶ 38).

## V.   Defendants Motion to Counts IV, V and VI is Wholly without Merit

The Defendants' contention that they are subject to the protection of the Illinois Tort Immunity Act is plainly incorrect.  In <u>Youker v. Schoenenburger</u>, 22 F. 3d 163, 168, (7th Cir. 1994) the Seventh Circuit held that immunity under the Illinois Tort Immunity Act is not absolute and does not extend to a public employees' acts based upon corrupt *or* malicious motives. In <u>Doe v. Calumet City</u>, 161 Ill. 2d 374, 641 N.E. 2d 498 (1994) the Illinois Supreme Court made clear that extreme and outrageous conduct can arise out of the abuse of a position of power. <u>Doe</u>, 641 N.E. 2d at 507.   In the instant case the allegations in Count I against Sergeant Curry, evinces an abuse of power that the Tort Immunity Act does not shield.  Moreover, the allegations directed against officers, Curry,

Cordoba, Ochoa, Kelly and West, in Count II likewise demonstrate an abuse of power thereby removing the protections of the Tort Immunity Act. Indeed as discovery progresses, it may reveal that some of the officers in question were more or less culpable than others. But in the pleading stage of this litigation all that is required is notice and not specific facts.

Count IV sufficiently alleges intentional infliction of emotion distress by each of the Defendants named in the Complaint. The specific acts causing emotional distress include but are not limited to arresting the Plaintiff without probable cause (Timothy Curry Count I) falsely imprisoning the Plaintiff for an unreasonable time (Curry, Cordoba, Ochoa, Kelly and West Count II), and detaining the Plaintiff under inhumane and illegal conditions. Indeed, these allegations place the Defendants on sufficient notice that their conduct was sufficiently outrageous as to cause a person of average sensibilities extreme emotional distress. Under more stringent Illinois Fact pleading standards, which are inapplicable to this case, to state a claim for intentional infliction of emotional distress, a plaintiff must plead facts indicating (a) that the defendant's conduct was truly extreme and outrageous (b) that the defendant intended to inflict or knew that there was a high probability that his conduct would inflict severe emotional distress upon the plaintiff and (c) that the defendant's conduct in fact caused the plaintiff severe emotional distress. McGrath v. Fahey, 126 Ill. 2d 78, 86 (1988). See also Van Stan v. Fancy Colours & Co., 125 F.3d 563, 567 (7th Cir. 1997). Under Illinois law, however, it is well-established that "the extreme and outrageous character of the conduct can arise from the abuse of a position of power." Doe, 161 Ill.2d at 392. A police officer is the type of individual who can become liable through the abusive exercise of his authority. Id. In the instant case,

plaintiff alleges several abuses of the officers' authority which could rise to the level of extreme and outrageous Certainly Plaintiffs' allegations in this case which are governed by the less stringent notice pleading standards of the federal Rules are indeed sufficient.

Defendants also seek to dismiss Count V, which states a claim for false imprisonment.  Although no allegations are made against Officers  Cordoba, Ochoa, Kelly and West in Count I, false arrest, Count V sets forth a valid claim for false imprisonment because even if they believed that the Plaintiff was initially incarcerated pursuant to a valid probable cause determination by the arresting officer, they do not become insulated when they abuse their authority and hold the Plaintiff longer than is constitutionally permitted.  See Portis v. City of Chicago, 2003 WL 22078279 (N.D. Ill. 2003) (Class action granted as to arrestees held in excess of two hours).

False imprisonment is an unreasonable restraint of plaintiff's liberty against his will caused or procured by the defendant. Meerby v. Marshall Field, 139 Ill. 2d 455, 474, 564 N.E. 2d 1222 (1990) *Citing*  Hajawii v. Venture Stores, Inc., 465 N.E.2d 573, 125 Ill. App.3d 22 (2nd Dist.1984).  The Plaintiff needs only to allege that the restraint was unreasonable *or* without probable cause. Dutton v. Roo-Mac, Inc 100 Ill. App.3d 116, 426 N.E.2d 604.) (1981). It is alleged that the Defendant Curry initiated the unlawful restraint (Count I), however by holding the Plaintiff under unreasonable conditions for an unconstitutional period of time after the initial arrest, the four other Defendants caused the initial restraint to continue for an unnecessary and illegal length of time.  Accordingly Count V survives the Defendants' Motion to Dismiss.

The elements for a cause of action for malicious prosecution were set out by the Illinois Supreme Court in  Swick v. Liautaud,  662 N.E.2d 1238,1242, 169 Ill. 2d 504, 512 (1996),   (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff 169 Ill. 2d at 512.   The Defendants' memorandum sets forth a whole new element for the tort of malicious prosecution which includes deceiving, misleading, or concealing facts from the prosecutor.  However until the Illinois Supreme Court reverses more than one hundred years of common law, those averments are not part of any cause of action for the common law tort of malicious prosecution.  Nowhere in the Complaint is it alleged that the prosecutor initiated the criminal proceeding against the Plaintiff.  It appears that that the Defendants have taken facts from various cases that they have cited and engrafted those facts into Plaintiff's Complaint in order to support their argument.  Here the Defendants' creative license has crossed the line from legal argument to legal fiction.  Again and to repeat almost *ad nausium*, the requirements of Rule 8 of the Federal Rules of Civil Procedure, require notice to the Defendant.  The Defendants have been given sufficient notice and it is time for them to answer the Complaint.

Wherefore the Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss Counts II, III, IV, V, and VI of the Plaintiff's Complaint.  Alternatively, in the event the Court finds any part of the Plaintiff's Complaint deficient for any reason, the Plaintiff seeks leave of Court to file an amended Complaint within 30 days of its order dismissing the Complaint or any part thereof.

Date: June 11, 2008

Respectfully Submitted,


By: /s/  Jeffery P. Gray_____
    Jeffery P. Gray
Attorney for the Plaintiff, Andrea Jones


Jeffery P. Gray ARDC # 6180257
Attorney for the Plaintiff
27475 Ferry Rd
Warrenville, Illinois 60555
630-717-2761

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Andrea Jones | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 08 cv 1741 |
| Village of Maywood, Illinois, a Municipal | ) | |
| Corporation, Timothy Curry, S. Cordoba, | ) | |
| R. Ochoa, L. Kelly, K. West and unknown | ) | |
| Defendants; | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To:    Howard C. Jablecki
        KLIEN, THORPE & JENKINS
        20 N. Wacker Dr. Suite 1660
        Chicago, Illinois 60606

        You are hereby notified that on June 11, 2008 I filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss with the Clerk of the United States District Court, Northern District of Illinois, copies of which are attached hereto and hereby served upon you.

                                            Respectfully submitted,

                                            S/Jeffery Gray
                                            Attorney for Plaintiff

**PROOF OF SERVICE**

**I, certify that on June 11, 2008, I electronically filed the with the Clerk of the Court a Memorandum of Law in Opposition to Defendant's Motion to Dismiss using the CM/ECF system which will send notification of such filing to the following:**

Klein Thorpe and Jenkins Ltd.
Howard Jablecki

                                    **Andrea Jones**

                            By:     s/Jeffery Gray

Jeffery Gray, #6180257
27475 Ferry Road
Warrenville, IL 60555
630-717-2761