IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF MAYWOOD, ILLINOIS, a )<br>municipal corporation, TIMOTHY CURRY, S. )<br>CORDOBA, R. OCHOA, L. KELLY, K. WEST )<br>and UNKNOWN DEFENDANTS, )<br>)<br>Defendants. ) | Case No. 08 CV 1741<br>Judge Castillo<br>Magistrate Judge Ashman |

### DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, VILLAGE OF MAYWOOD, ILLINOIS (the "Village"), TIMOTHY CURRY ("Sergeant Curry"), S. CORDOBA ("Officer Cordoba"), R. OCHOA ("Officer Ochoa"), L. KELLY ("Officer Kelly"), K. WEST ("Sergeant West"), and UNKNOWN DEFENDANTS, by and through their attorneys, KLEIN, THORPE AND JENKINS, LTD., and in reply to Plaintiff, Andrea Jones' Memorandum of Law in Opposition to Defendants' Motion to Dismiss state as follows:

### INTRODUCTION

Plaintiff, Andrea Jones ("Jones"), raises several arguments in response to the Defendants' Motion to Dismiss. Most notably, Jones alleges the Complaint adequately sets out a viable *Monell* claim against the Village for failure to train its officers, that the protections of the Illinois Tort Immunity Act are inapplicable to the state law claims pled in the Complaint, and that under the notice pleading standard in Federal Court, Jones is either not required to or has allegedly adequately pled the required elements for her state law claims. For the reasons outlined below,

iManage:215615_1

Jones' arguments are entirely misplaced and contradict the clear and relevant case law applicable to this matter. Therefore, Jones' Complaint should be dismissed in its entirety.

I. **JONES HAS FAILED TO ALLEGE THE NECESSARY REQUIREMENTS FOR A *MONELL* FAILURE TO TRAIN CLAIM AGAINST THE VILLAGE**

Count III of the Complaint alleges the Village "demonstrated deliberate indifference to arrestees by failing to train its employees to manage the recurring situation of detaining misdemeanant arrestees pending release on bond, which presented the obvious potential for a constitutional violation, and did in fact result in a constitutional violation." *Complaint* at ¶ 38. In her response, Jones argues she is proceeding under allegations that the Village has failed to train its employees to handle a recurring situation, and that she has alleged such a recurring situation to be the processing and confinement of misdemeanant arrestees. *Response* at p. 8. Jones also asks this court to take judicial notice of the fact that the arrest and confinement of misdemeanant arrestees takes place every day in police departments across the nation, and that in this case the failure to train its employees to properly manage that recurring situation resulted in an alleged constitutional violation. *Id.*

In order to state a claim against the Village under a failure to train theory of liability, Jones must allege that the failure to train amounts to deliberate indifference to the rights of the persons with whom the police officers come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). *City of Canton* also held that under *Monell*, as applied specifically to a failure to train claim, the plaintiff still must allege that such inadequate training represents city policy. *Id.* at 390. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program...neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training..." *Id.* at 390-91. Deliberate

indifference is shown when a municipality fails to train its employees to handle a recurring situation that presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation. *Id.* at 1095-96 (citing *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 646 (7th Cir. 2003). A plaintiff must also demonstrate that the municipality had notice of a pattern of constitutional violations resulting from the inadequate training. *Washington v. Village of Riverside*, 2003 WL 1193347, *8 (N.D. Ill. March 13, 2003) (citing *Hirsh v. Burke*, 40 F. 3d 900, 904 (7th Cir. 1994) (noting there was no evidence that the Village had a policy or custom encouraging their officers to violate the constitutional rights of others). Boilerplate failure to train allegations are insufficient. *Id.*

Here, as stated previously, Jones alleges that deliberate indifference can be concluded from the Village's failure to train its employees to handle a recurring situation, which is pled in the Complaint to be detaining misdemeanant arrestees pending release on bond. In her response, Jones expands this recurring situation to include all arrests and confinements of misdemeanant arrestees. Regardless, neither of these "recurring situations" puts the Village on notice of any pattern of constitutional violations resulting from any inadequate training. The fact that arrests are made on a recurring basis in the Village does not present an obvious potential for constitution violations. If this were the true, the Village, or any municipality, could be liable for failure to train its officers simply because arrests are made. Such a result does not align with the Supreme Court's holding in *City of Canton*, 489 U.S. at 392 ("to adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city could have done to prevent the unfortunate incident."). Jones has done nothing more than allege "boilerplate failure to train

language," which is entirely inadequate to state a claim against the Village. *See Washington, supra.*

Jones also claims the Defendants failed to address the Seventh Circuit's decision in *Davis v. Carter*, 452 F.3d 686 (7th Cir. 2006), where the Court reviewed a situation involving the issue of whether Cook County had a widespread practice or custom of inordinate delay in providing methadone treatment to inmates. Firstly, it is important to note that *Davis* did not involve a failure to train allegation against the County, such as Jones' claim against the Village in this case. Regardless, the Court still held that plaintiff was required to show a general pattern of repeated behavior, which must include more than on one instance. *Davis*, 452 F.3d at 694. Jones again relies on the fact that the Village makes arrests on a daily basis to allege some general pattern or repeated behavior. However, the general arrest of individuals does not lead to recurring constitutional violations. In *Davis,* the Court indicated plaintiff had provided evidence tending to show that Cook Count routinely failed to provide methadone to inmates for several days. Such an allegation is vastly different than those contained in Jones' Complaint. Therefore, Jones has failed to adequately plead a failure to train claim against the Village.

## II. THE ILLINOIS TORT IMMUNITY ACT CLEARLY APPLIES TO JONES' STATE LAW CLAIMS

In her response, Jones alleges the Defendants are not subject to the protection of the Illinois Tort Immunity Act, specifically Section 2-202, 745 ILCS 10/2-202, with regard to the state law claims. Jones claims the allegations in Count I against Sergeant Curry "evinces an abuse of power that the Tort Immunity Act does not shield," and "the allegations directed against officers Curry, Cordoba, Ochoa, Kelly and West, in Count II likewise demonstrate an abuse of power thereby removing the protections of the Tort Immunity Act." *Response* at pp. 9-10. Jones relies on language in *Youker v. Shoenenburger*, 22 F.3d 163, 168 (7th Cir. 1994), stating that the

Tort Immunity Act does not extend to acts based upon corrupt or malicious motives, and *Doe v. Calumet City*, 161 Ill.2d 374, 393, 641 N.E.2d 498 (1994), which states extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress can arise out of the abuse of a position of power.

Ignoring the fact that Jones has failed to allege any acts of the Defendants that were based on corrupt or malicious motives, she also fails to recognize the litany of federal cases cited in the Motion to Dismiss that have applied Section 2-202 of the Tort Immunity Act to conduct of police officers. Clearly, Section 2-202 only applies where the alleged conduct of the officers is not willful or wanton. As detailed in the Motion to Dismiss, federal courts have on numerous occasions addressed whether Section 2-202 applies to acts of law enforcement officers, and specifically whether the officer's conduct was willful and wanton. *See Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (pulling alleged traffic law violator from car, pushing him against car and pinning his arms behind his back was not willful and wanton conduct); *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (unlawful arrest of boyfriend for criminal trespass when he refused to leave girlfriend's house at which he resided was not willful and wanton conduct). *But see Torres v. City of Chicago*, 123 F.Supp.2d 1130, 1133 (N.D. Ill. 2000) (police officers who failed to summon medical care for a shooting victim for nearly an hour and a half after arriving at the scene committed willful and wanton conduct). Moreover, a court must decide as a matter of law whether a plaintiff has alleged sufficient facts concerning the willful and wanton nature of defendant's conduct. *Doe*, 161 Ill.2d at 390.

In this case, Jones has not pled any allegations that tend to indicate willful or wanton conduct, i.e. "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of

others or their property." 745 ILCS 10/1-210. Jones simply argues that the conclusory allegations of her arrest without probable cause and subsequent detention demonstrate the required willful and wanton conduct. However, the same case Jones' relies on to argue the Tort Immunity Act should not apply clearly indicates her own allegations are insufficient: "mere conclusory allegations of willful and wanton conduct are insufficient to overcome a public employee's immunity." *Youker*, 22 F.3d at 168 (7th Cir. 1994). Therefore, Section 2-202 of the Tort Immunity Act clearly applies to Jones' state law claims and immunizes Defendants from liability.

### III. JONES FAILS TO ALLEGE THE NECESSARY ELEMENTS TO STATE *PRIMA FACIE* CASES FOR HER STATE LAW CLAIMS

Finally, Jones argues that under the notice pleading standard in federal court she is not required to plead each element of her state law claims. Although the federal notice pleading standard does apply to claims that arise under state rather than federal law, *Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir. 2002), even under the liberal system of notice pleading, Jones still must adequately allege facts sufficiently setting forth the essential elements of a state law cause of action. *See generally Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

With regard to the intentional infliction of emotional distress claim, Jones argues the alleged acts of arresting Plaintiff without probable cause, falsely imprisoning the Plaintiff for an unreasonable time, and detaining the Plaintiff under inhumane and illegal conditions "place Defendants on sufficient notice that their conduct was sufficiently outrageous as to cause a person of average sensibilities extreme emotional distress." *Response* at p. 10. Jones further alleges that extreme and outrageous conduct, an element that must be adequately pled to state a claim for intentional infliction of emotional distress, can arise from the abuse of a position of power, such as a police officer. *Doe*, 161 Ill.2d at 392. However, Illinois law requires, in the

context of police abuse of power, that the abuse be extreme. *See Carr v. Village of Richmond*, 1996 WL 663921, *7 (N.D. Ill. November 15, 1996) (citing *Doe*, 161 Ill.2d at 392). Furthermore, under Illinois law, "liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." *Hahn v. Village of Downers Grove*, 1999 WL 167036, *3 (N.D. Ill. March 19, 1999). In *Carr*, a police officer who was alleged to have "held [plaintiff] against the wall…slammed [plaintiff] against the truck of the squad car, grabbed her by her pony tail and threw here into the squad car…taken [plaintiff] from the house with no shoes, socks or jacket on," was held not to have exhibited extreme and outrageous conduct. 1996 WL 663921 at *8.

In this case, the allegations in the Complaint are nowhere near those alleged in *Carr*, which were held not to be extreme and outrageous. Moreover, Jones has failed to plead any facts to indicate that any acts by the Defendants were intended to inflict severe emotional distress, or that the knew there was a high probability that such conduct would inflict severe emotional distress. Even under the liberal notice pleading standard, Jones still must allege sufficient facts to state a cause of action. Conclusory statements devoid of any factual allegations are entirely insufficient. Therefore, Jones has failed to allege facts to state a cause of action for intentional infliction of emotional distress.

The same is true for Jones' additional state law claims for false imprisonment and malicious prosecution, as she has not pled sufficient facts to state these causes of action either. Specifically with regard to the malicious prosecution claim, Jones alleges Defendants are attempting to add an additional required element to the tort of malicious prosecution. *Response* at p. 12. However, Defendants simply cited a federal case that interpreted an Illinois state law

claim for malicious prosecution to hold that under Illinois law a police officer would not be exposed to liability for malicious prosecution where there is no assertion that he misled, deceived, or otherwise concealed facts from a prosecutor who later initiated criminal proceedings. *Mutual Medical Plans, Inc. v. County of Peoria*, 309 F.Supp.2d 1067, 1081-82 (C.D. Ill. 2004). This is not an additional requirement, but an application and interpretation of Illinois law assumingly related to the required element of malice. Jones has failed to plead the required allegations, as interpreted by federal courts, to show malice and therefore has failed to adequately state a *prima facie* case for malicious prosecution.

**WHEREFORE**, Defendants, VILLAGE OF MAYWOOD, ILLINOIS, TIMOTHY CURRY, S. CORDOBA, R. OCHOA, L. KELLY, K. WEST and UNKNOWN DEFENDANTS, respectfully request that this Honorable Court enter an order granting their Rule 12(b)(6) motion to dismiss Counts II, III, IV, V and VI, and for such further relief deemed equitable and just.

Respectfully submitted,

VILLAGE OF MAYWOOD, ILLINOIS, TIMOTHY CURRY, S. CORDOBA, R. OCHOA, L. KELLY, K. WEST and UNKNOWN DEFENDANTS

By: /s/ Howard C. Jablecki
One of their attorneys

Lance C. Malina
Allen Wall
Howard C. Jablecki
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400