## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 1741 |
| | ) | Judge Castillo |
| VILLAGE OF MAYWOOD, ILLINOIS, a | ) | Magistrate Judge Ashman |
| municipal corporation, TIMOTHY CURRY, S. | ) | |
| CORDOBA, R. OCHOA, L. KELLY, K. WEST | ) | |
| and UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO COMPLAINT

NOW COMES the Defendants, VILLAGE OF MAYWOOD, TIMOTHY CURRY, S. CORDOBA, R. OCHOA, L. KELLY, K. WEST and UNKNOWN DEFENDANTS, by and through their attorneys, KLEIN, THORPE AND JENKINS, LTD., and for their Answer to Plaintiff's Complaint, Defendants state as follows:

### JURUSDICTION AND VENUE

1.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**     Admitted.

2.     Venue is proper pursuant to 28 U.S.C. § 1339(b).  The events that occurred herein all occurred in the Northern District of Illinois.  All parties to the case herein reside in the Northern District of Illinois.

**ANSWER:**     Admitted.

3.     The Court has jurisdiction over Supplemental state claims pursuant to 28 U.S.C. § 1367 and pursuant to United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**ANSWER:**     Admitted.

## PARTIES

4.    Andrea Jones is an adult female resident of the Village of Bartlett Illinois.

**ANSWER:**    Admitted.

5.    The Village of Maywood is a Municipal Corporation, duly incorporated and chartered under the lows of the State of Illinois.  It is the public employer of the Defendants listed below.

**ANSWER:**    Admitted.

6.    Timothy Curry is a duly sworn police sergeant employed by the Village of Maywood, Illinois, and at all times herein was acting under color of law.

**ANSWER:**    Admitted.

7.    S. Cordoba is a duly sworn police sergeant employed by the Village of Maywood, Illinois, and at all times herein was acting under color of law.

**ANSWER:**    Admitted.

8.    R. Ochoa is a duly sworn police sergeant employed by the Village of Maywood, Illinois, and at all times herein was acting under color of law.

**ANSWER:**    Admitted.

9.    L. Kelly is a duly sworn police sergeant employed by the Village of Maywood, Illinois, and at all times herein was acting under color of law.

**ANSWER:**    Admitted.

10.    K. West is a duly sworn police sergeant employed by the Village of Maywood, Illinois, and at all times herein was acting under color of law.

**ANSWER:**    Admitted.

11.     Unknown persons mentioned in this complaint, not yet identified by name, are duly sworn police officers or civilian employees employed by the Village of Maywood, Illinois, and at all times herein were acting under color of law.

**ANSWER:**     Defendants lack knowledge or information sufficient to answer the allegations contained in Paragraph 11, and therefore deny the same.

## BACKGROUND

12.     On or about March 31, 2007, the Plaintiff legally upon the public way in the Village of Maywood, Illinois.

**ANSWER:**     Paragraph 12 states legal conclusions that require no answer.  In further answering, Defendants admit that the Plaintiff was in Maywood on March 31, 2007.

13.     At all pertinent times relative to this complaint Plaintiff had not violated any state, federal or municipal law, nor was she preparing to commit a violation of any such law, and she did not pose a threat to any police officer or to the general public.

**ANSWER:**     Denied.

14.     That without probable cause that the Plaintiff had committed a crime, was presently committing a crime or was about to commit a crime, Officer Timothy Curry ordered another police officer to seize and arrest the Plaintiff, in violation of her fourth Amendment right to be free from an unreasonable seizure of her person.  Timothy Curry then caused the Plaintiff to be falsely charged with the misdemeanor offense of obstructing a police officer.

**ANSWER:**     Paragraph 14 states legal conclusions that require no answer.  In further answering, Defendants admit the Plaintiff was arrested for obstructing a police officer, but deny the remaining allegations contained in Paragraph 14.

15.    The Plaintiff was then transported to the Maywood, Illinois police department and placed in a cage which lacked the basic requirements of a bed or a bench as required by Illinois law.

**ANSWER:**    Defendants admit the Plaintiff was transported to the Maywood police department upon being placed under arrest.    Defendants deny the remaining allegations contained in Paragraph 15.

16.    That the Plaintiff was held in detention at the Maywood Illinois police department from approximately 10 pm to approximately 6:20 am.

**ANSWER:**    Admitted.

17.    That during this detention the Plaintiff was not completely segregated from male detainees, Plaintiff was forced to sit on a grimy and filthy, floor for an extended period of time, and despite the need to exercise basic bodily functions of urination and defecation, Plaintiff was forced to refrain from such basic human requirements due to the fact the toilet facilities had no door and was clearly visible to both male and female individuals in the in the vicinity of the cage in which the Plaintiff was held.

**ANSWER:**    Denied.

18.    When the Plaintiff complained to detention personnel about not having to stand in the cage because it had no bench or bed, the Plaintiff was told by an unknown Maywood police employee that this is not a hotel and then gave the Plaintiff a piece of cardboard to place on the floor for Plaintiff to sit on.

**ANSWER:**    Denied.

19.    That the Plaintiff was charged with a misdemeanor under Illinois law which meant that bail was set pursuant to Illinois Supreme Court Rule 553(a); accordingly the Police did not have any discretion to refuse to accept bail and release the Plaintiff from custody.

**ANSWER:**    Paragraph 19 states legal conclusions that required no answer.

20.    That shortly after the Plaintiff was arrested, certain friends of the Plaintiff appeared at the Maywood Police Department, a public building, and offered to tender bail, pursuant to Illinois Supreme Court Rules, on behalf of the Plaintiff.  Unknown Police employees refused to accept the bail tendered on behalf of the Plaintiff.  Moreover these friends of the Plaintiff were told by police employees that if they did not leave the premises they too would be arrested.

**ANSWER:**    Defendants admit that certain individuals claiming to be friends or family appeared at the Maywood Police Department inquiring as to the status of the Plaintiff. Defendants further answer the Plaintiff could not be bailed out at that time because her fingerprints had not yet cleared the posting process.

21.    That there was no lawful justification to hold the Plaintiff in custody from approximately 10:00 pm to 6:20 am.

**ANSWER:**    Denied.

22.    That on November 13, 2007 the Plaintiff appeared in the Circuit Court of Cook County Fourth District on the charge of obstructing a peace officer, arising from Plaintiff's March 31, 2007 arrest.  A jury trial was held and the Plaintiff was found not guilty of the charge of obstructing a peace officer.

**ANSWER:**    Admitted.

23.    As a result of the Defendants unconstitutional and unlawful conduct the Plaintiff has suffered, financial losses, emotional harm manifesting itself in physical symptoms and both tangible and intangible damages.

**ANSWER:**    Denied.

**COUNT I**
**False Arrest**
42 U.S.C. § 1983
(Against Defendant Timothy Curry)

24.    Plaintiff incorporates paragraphs 1-23 into this paragraph 24 as if fully stated herein.

**ANSWER:**    Defendants incorporate their answers to Paragraphs 1-23 into its answer to this Paragraph 24 as if fully stated herein.

25.    In committing the acts complained of herein, Defendant Curry, acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendant violated Plaintiffs' rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**    Denied.

26.    AS a direct and proximate result of the violation of her constitutional right to be free from false arrest by the Defendant, Plaintiff suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

**ANSWER:**    Denied.

Wherefore the Plaintiff prays that this court award actual damaged in an amount exceeding seventy five thousand dollars ($75,000.00) and for punitive damaged against each Defendant in excess of seventy Five thousand dollars ($75,000.00) as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer.  To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

### COUNT II
Violation of Plaintiff's Right to be Free from Unreasonable Detention
And Violation of Due Process
42 U.S.C. § 1983
(Against Defendants Timothy Curry,
S. Cordoba, R. Ochoa, L. Kelly, K. West
Village of Maywood and unknown Defendants)

27.    Plaintiff incorporated paragraphs 1-23 into this paragraph 27 as if fully stated herein.

**ANSWER:**    Defendants incorporate their answers to Paragraphs 1-23 into its answer to this Paragraph 27 as if fully stated herein.

28.    That during the period of Plaintiff's detention from approximately 10:00 pm to 6:20 am Plaintiff had not been taken before a judge or other magistrate for a probable cause determination or the setting of bond.  Therefore the Plaintiff had the status of an arrestee and not a pretrial detainee.  Thus the Plaintiff is entitled to a standard of reasonableness in her treatment on the part of her custodians pursuant to the fourth Amendment of the United States Constitution.

**ANSWER:**    Paragraph 28 states legal conclusions that require no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 28.

29.    That the stat of Illinois through its statutes, regulations and Illinois Supreme Court rules, ahs created a substantive and procedural liberty interest relative to the conditions of confinement and prompt release for arrestees facing misdemeanor charges.  That each of the

Defendants herein had a duty to the Plaintiff to ensure that the Plaintiff's substantive and procedural liberty interests were not violated.

**ANSWER:**     Paragraph 29 states legal conclusions that require no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 29.

30.     The state of Illinois has promulgated the following administrative regulations pursuant to the Illinois Administrative Code.

20 Ill Adm. Code § 720.50 Minimum Cell and Detention Room Standards—Existing Facilities states as follows:

a)     Male and female detainees shall be confined in completely segregated areas.

1)     The confinement area for males and females shall be located so that physical, visual, and auditory contact by detainees of the opposite gender is prevented.

d)     Each cell or detention room shall be equipped with:

1)     A rigidly constructed metal or concrete bed, with a solid or perforated steel bottom, anchored to the floor or walls.  A metal bench may be used if detention is eight hours or less.

**ANSWER:**     Admitted.

31.     The law has been clearly established in the state of Illinois through statutes, case law and Supreme Court rules applicable to bail for misdemeanor offenses revealing a scheme mandating prompt, efficient pretrial release from custody.

**ANSWER:**     Paragraph 31 states legal conclusions that require no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 31.

32.     The entire purpose of bail is to insure the defendant's presence in court.  By holding the Plaintiff in custody for an unreasonable length of time and refusing the tender of bail

by the Plaintiff's friends the Defendants abused their authority by employing the tactic of delay in releasing the Plaintiff as a tool for punishment or presentence incarceration.

**ANSWER:**    Denied.

33.    The state of Illinois has promulgated the following administrative regulations pursuant to the Illinois Administrative Code.

20 Ill. Adm. Code 720.20 Legal Rights of Accused While in Custody

b)    Right to Communicate with Attorney and Family - Transfers

1)    Persons who are arrested shall have the right to communicate with an attorney of their choice and a member of their family by making a reasonable number of telephone calls or in any other reasonable manner. Such communication shall be permitted within a reasonable time (generally within the first hour) after arrival at the first place of custody.

**ANSWER:**    Admitted.

34.    That the Plaintiff was not permitted to use the phone until 3:00 a.m. which is substantially more time than is contemplated by the above section of the Illinois Administrative Code.

**ANSWER:**    Paragraph 34 states legal conclusions that require no answer. In further answering, Defendants lack knowledge or information sufficient to answer the factual allegations contained in Paragraph 34, and therefore deny the same.

35.    That based on the totality of the circumstances, encompassing the violation of the aforementioned liberty interests and standards, by holding the Plaintiff in custody in a cage without a bed or a bench, in contact of detainees of the opposite gender, without physical privacy to use the toilet, delaying her right to make phone calls and being held for an unreasonable length of time without accepting her bail constitutes unreasonable conditions of confinement in violation of Plaintiff's fourth and fourteenth Amendment rights.

**ANSWER:**    Denied.

Wherefore the Plaintiff prays that this court award actual damaged in an amount exceeding seventy five thousand dollars ($75,000.00) and for punitive damaged against each Defendant in excess of seventy Five thousand dollars ($75,000.00) as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer.  To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

**COUNT III**
Failure to Train and Monnell Violations
42 U.S.C. 1983
(Against the Village of Maywood)

36.    Plaintiff incorporated paragraphs 1-35 into this paragraph 36 as if fully stated herein.

**ANSWER:**    Defendants incorporate their answers to Paragraphs 1-235 into its answer to this Paragraph 36 as if fully stated herein.

37.    That the Village of Maywood had a duty to train its police employees and educate them about the law as it pertains to conditions of confinement, and prompt release on bail of misdemeanor arrestees.

**ANSWER:**    Paragraph 37 states legal conclusions that required no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 37.

38.    Defendant, Maywood demonstrated deliberate indifference to arrestees by failing to train its employees to manage the recurring situation of detaining misdemeanant arrestees pending release on bond, which presented the obvious potential for a constitutional violation, and did in fact result in a constitutional violation.

**ANSWER:**    Denied.

Wherefore the Plaintiff prays that this court award actual damages in an amount exceeding seventy five thousand dollars ($75,000.00 as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer.  To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

### STATE VIOLATIONS

### COUNT IV
Intentional Infliction of Emotional Distress
(Against Defendants Timothy Curry, S. Cordoba, R. Ochoa, L. Kelly, K. West. Village of Maywood, and other unknown Defendants)

39.    Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth in this paragraph 39.

**ANSWER:**    Defendants reallege and incorporate by reference their answers to all the allegations of the preceding paragraphs as if fully set forth in their answer to Paragraph 39.

40.    The acts and conduct of Defendants as set forth above were extreme and outrageous.  They were either intended to cause, or done with in reckless disregard of the probability that they would cause severe emotional distress the Plaintiff.

**ANSWER:**    Denied.

41.    The specific acts that were extreme and outrageous include, but are not limited to, arresting the Plaintiff without probable cause, falsely imprisoning the plaintiff for an unreasonable time before permitting the Plaintiff to post bond, not permitting Plaintiff privacy in the use of toilet facilities, and detaining the Plaintiff in a cage with out a bench or bed as required by Illinois law.

**ANSWER:**    Denied.

42.    These actions did directly and proximately cause severe emotional distress to Plaintiff, including, but not limited to, depression, anti-social feelings, anxiousness, various other emotional problems that have and will continue to result in actual physical manifestations.

**ANSWER:**    Paragraph 42 states legal conclusions that require no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 42.

43.    The defendants' conduct that resulted in this emotions distress was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**    Denied.

44.    At all times herein mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the Village of Maywood, managed, and/or operated the Maywood Police Department.  At all relevant times Defendants Timothy Curry, S. Cordoba, R. Ochoa, L. Kelly, K. West and other unknown employees were employees or agents of the Village of Maywood working within the scope of their employment or agency and the Village of Maywood is liable for their acts under the doctrine of *respondeat* superior.

**ANSWER:**    Paragraph 44 states legal conclusions that require no answer.  In further answering, the Village admits it is an Illinois municipality and the employer of the individual named defendants.

Wherefore the Plaintiff prays that this court award actual damaged in an amount exceeding seventy five thousand dollars ($75,000.00) and for punitive damaged against each Defendant in excess of seventy Five thousand dollars ($75,000.00) as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer.  To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

## COUNT V
### False Imprisonment
(Against the Defendant Timothy Curry, S. Cordoba, R. Ochoa, L. Kelly, K. West, unknown Defendants and the Village of Maywood)

45.    Plaintiff realleges and incorporated by reference all of the allegations of the preceding paragraphs as if fully set forth in this paragraph 45.

**ANSWER:**    Defendants reallege and incorporate by reference their answers to all the allegations of the preceding paragraphs as if fully set forth in their answer to Paragraph 45.

46.    That the Plaintiff was restrained and arrested by the Defendant Timothy Curry who acted without reasonable grounds to believe that the Plaintiff committed an offense.

**ANSWER:**    Denied.

47.    That holding the Plaintiff in custody for an unreasonable length of time and refusing her tender of bail constitutes an unreasonable restraint on Plaintiff's liberty, against her will, which was caused or procured by each of the Defendants herein.

**ANSWER:**    Paragraph 47 states legal conclusions that require no answer.  In further answering, Defendants deny any factual allegations contained in Paragraph 47.

48.    At all times herein mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the Village of Maywood, managed, and/or operated the Maywood Police Department.  At all relevant times Defendants Timothy Curry, S. Cordoba, R. Ochoa, L. Kelly, K. West and other unknown employees were employees or agents of the Village of Maywood working within the

scope of their employment or agency and the Village of Maywood is liable for their acts under the doctrine of *respondeat* superior.

**ANSWER:**    Paragraph 48 states legal conclusions that require no answer. In further answering, the Village admits it is an Illinois municipality and the employer of the individual named defendants.

Wherefore the Plaintiff prays that this court award actual damaged in an amount exceeding seventy five thousand dollars ($75,000.00) and for punitive damaged against each Defendant in excess of seventy Five thousand dollars ($75,000.00) as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer. To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

**COUNT VI**
Malicious Prosecution
(Against Defendants Timothy Curry, S. Cordoba and the Village of Maywood)

49.    Plaintiff realleges and incorporates by reference all of the allegations the preceding paragraphs as if fully set forth in this paragraph 49.

**ANSWER:**    Defendants reallege and incorporate by reference their answers to all the allegations of the preceding paragraphs as if fully set forth in their answer to Paragraph 49.

50.    That the Defendant Timothy Curry caused the commencement or continuance of an original criminal proceeding against the Plaintiff; That there was a termination of the proceeding in favor of the plaintiff and the termination was indicative of actual innocence; That there was an absence of probable cause for such proceeding; That the continuation of the

criminal proceedings combined with the Defendants' false testimony demonstrates a presence of malice on the part of the Defendants; all of which caused damages to the plaintiff.

**ANSWER:**    Denied.

51.    At all times herein mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Maywood, managed, and/or operated the Maywood Police Department. At all relevant times Defendants Timothy Curry, S. Cordoba, R. Ochoa, L. Kelly, K. West and other unknown employees were employees or agents of the Village of Maywood working within the scope of their employment or agency and the Village of Maywood is liable for their acts under the doctrine of *respondeat* superior.

**ANSWER:**    Paragraph 51 states legal conclusions that require no answer. In further answering, the Village admits it is an Illinois municipality and the employer of the individual named defendants.

Wherefore the Plaintiff prays that this court award actual damaged in an amount exceeding seventy five thousand dollars ($75,000.00) and for punitive damaged against each Defendant in excess of seventy Five thousand dollars ($75,000.00) as well as costs and attorney fees.

**ANSWER:**    Defendants deny that the Plaintiff is entitled to any relief, and further states that this prayer for relief contains legal conclusions that require no answer. To the extent any factual allegations are alleged in this prayer for relief, the Defendants deny the same.

## AFFIRMATIVE DEFENSES

1.      Defendants had probable cause to arrest the Plaintiff for obstructing a peace officer where she physically attempted to stop Officer Curry from arresting a third-party.

2.      The Village of Maywood female holding cell contains a concrete bench with a padded mattress and a toilet that is completely partitioned from the rest of the holding cell and cannot be seen from outside the cell.

3.      The Village of Maywood processed the Plaintiff and released her on bail in a reasonable and timely manner given the facts and circumstances surrounding the situation. The Plaintiff could not be released on bail until her fingerprints cleared all other law enforcement databases for outstanding warrants. The Plaintiff's fingerprints did not post back this clearance until 4:40 a.m., and she was released shortly thereafter.

4.      Section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter the "Act") provides the Defendants with immunity from liability from the state law claims. The Act, at Section 2-201, states:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in exercise of such discretion even though abused.

745 ILCS 10/2-201.

5.      The Defendants should be immune from liability for the state law claims under 745 ILCS 10/2-202 of the Act. This provision of the Act provides that:

> A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

745 ILCS 10/2-202.

6.    Plaintiff's state law claims against the Village of Maywood are barred in that the Village is a local public entity as defined by 745 ILCS 10/1-206 of the Illinois Tort Immunity Act, and as a public entity, pursuant to 745 ILCS 10/2-109, is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

7.    Defendants hereby assert all other sections of the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, not previously referenced above and applicable to the acts or omissions of the Defendants as they relate to Plaintiff's state law claims.

**WHEREFORE**, Defendants, VILLAGE OF MAYWOOD, ILLINOIS, TIMOTHY CURRY, S. CORDOBA, R. OCHOA, L. KELLY, K. WEST and UNKNOWN DEFENDANTS, respectfully request that this Honorable Court enter judgment in its favor, and for such further relief deemed equitable and just.

Respectfully submitted,
VILLAGE OF MAYWOOD, ILLINOIS, TIMOTHY CURRY, S. CORDOBA, R. OCHOA, L. KELLY, K. WEST and UNKNOWN DEFENDANTS

By: /s/ Howard C. Jablecki
    One of their attorneys

Lance C. Malina
Allen Wall
Howard C. Jablecki
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400